IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA SCHULTZ,

                                    ORDER

          Plaintiff,

                                  09-cv-274-slc[1]

    v.

STATE OF WISCONSIN,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for equal pay under the Fair Labor Standards Act, defendant State of Wisconsin has filed a motion to stay "all proceedings" in this case until the court resolves the motion to dismiss it filed on sovereign immunity grounds. (The motion to dismiss is still being briefed.) In her response, plaintiff says that she has no objection to staying discovery, but she does not think that all proceedings should be stayed. In particular, she says that she should be permitted to file an amended complaint.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

Plaintiff's response is a reasonable one, but defendant insists in its reply brief that "all proceedings" should be stayed, including any amendments to the pleadings. It emphasizes that questions of immunity must be decided early in the litigation because "[w]henever the State is erroneously required to litigate, whether it ultimately prevails or not, the **entire** societal interest of the State's immunity is lost." Dft.'s Reply Br., at 3, dkt. #11. If defendant's motion was limited to the question of immunity, this argument might have been persuasive. However, the majority of its brief in support of its motion to dismiss is devoted to an argument that plaintiff's complaint is insufficient under Fed. R. Civ. P. 8 in light of the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). Defendant may not advance an argument that plaintiff's allegations lack sufficient detail and then deprive her of the opportunity to cure any deficiencies in her complaint. <u>Id.</u> at 1954 (remanding "so that respondent can seek leave to amend his deficient complaint"); <u>see also</u> <u>United States ex rel. Fowler v. Caremark RX, LLC</u>, 496 F.3d 730, 740 (7th Cir. 2007) (denying leave to amend appropriate only after "plaintiff continually fails to provide a valid pleading in compliance with the federal rules"). Accordingly, I will stay discovery, but I will not prohibit plaintiff from filing an amended complaint.

ORDER

IT IS ORDERED that defendant State of Wisconsin's motion to stay is GRANTED

2

IN PART. Discovery is STAYED pending resolution of defendant's motion to dismiss.

Entered this 15th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge